IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GRANDE OIL and GAS, INC.,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>-vs-<br><br>GAEDEKE OIL & GAS<br>OPERATING, L.L.C., and<br>GAEDEKE HOLDINGS VII, LTD.,<br><br>    Defendants and<br>    Counterclaim Plaintiffs,<br><br>-vs-<br><br>CHARLES A. SWANSON, an<br>individual,<br><br>    Counterclaim Defendant. | Case No. CIV-20-170-F |

**<u>ORDER</u>**

      On July 10, 2024, the court entered an order (doc. no. 132) granting Jodi C. Cole and Katherine M. Crowley of the law firm McAfee & Taft A Professional Corporation leave to withdraw as counsel for plaintiff and counterclaim defendant Grande Oil and Gas, Inc., and for counterclaim defendant Charles A. Swanson.  In that order, the court directed Grande Oil and Gas, Inc. (Grande) to secure an entry of appearance by new counsel on or before August 9, 2024.  The court advised that failure of Grande to comply may result in an order from the court that is just, which may include a dismissal in favor of Gaedeke Oil & Gas Operating, LLC and Gaedeke

Holdings VII, Ltd. (the Gaedeke Parties) and against Grande on the pending claims in the complaint in CIV-20-170-F, and a judgment in favor of the Gaedeke Parties and against Grande on the pending counterclaims in CIV-20-170-F.

On August 12, 2024, the court entered an order (doc. no. 140) granting Grande a 30-day extension of time or until September 11, 2024, to secure new counsel. The court also continued this case to the November 6, 2024 jury trial docket.

To date, Grande has not complied with the court's orders.

Rule 41(b), Fed. R. Civ. P., permits a court to dismiss a claim or action *sua sponte* for failure to prosecute it or to comply with court orders. Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").

Rule 16(f), Fed. R. Civ. P., permits a court "on its own" to issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), Fed. R. Civ. P., if a party or its attorney "fails to obey a scheduling or other pretrial order." Rule 16(f)(1)(C), Fed. R. Civ. P. Available sanctions include "rendering a default judgment against the disobedient party." Rule 37(b)(2)(A)(vi), Fed. R. Civ. P. In addition, a court has "broad inherent power to sanction misconduct and abuse of the judicial process," including the power to enter default judgment. Klein v. Harper, 777 F.3d 1144, 1147 (10th Cir. 2015).

Although the court intends to dismiss Grande's claims without prejudice pursuant to Rule 41(b), the court will consider the factors as set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), in case the dismissal without prejudice is equivalent to one with prejudice due to any applicable statute of limitations. The Ehrenhaus factors must also be considered before entering a default judgment as a sanction. *See*, Baxter Construction Company, LLC v. SF Construction, Inc., Civil Action No. 22-cv-01117-NYW, 2023 WL 5822502, at *2 (D. Colo. Sept. 8, 2023).

The Ehrenhaus factors include (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the litigant in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  Ehrenhaus, 965 F.2d at 921.

Prejudice to the Opposing Party

The Gaedeke Parties have defended Grande's claims and prosecuted their counterclaims for over four years.  During that time, Grande has been represented by attorneys from two different law firms.  This case was scheduled for jury trial on the court's September 11, 2024 jury trial docket when Grande's second set of attorneys requested leave to withdraw.  The Gaedeke Parties did not object to the withdraw of Grande's most recent attorneys so long as Grande obtained new counsel within 30 days and the current trial setting was not materially impacted.  The court initially gave Grande 30 days to secure new counsel and did not continue the jury trial.  However, upon request, the court granted Grande an additional 30 days to retain new counsel.  The court also moved the case to the November 6, 2024 jury trial docket to accommodate Grande, even though the court and the Gaedeke Parties were ready to proceed, and the Gaedeke Parties had been opposed to a continuation of the case to another jury trial docket.  The court concludes that Grande's failure to comply with the court's orders has prejudiced the Gaedeke Parties due to Grande's failure to proceed expeditiously with this case.  Indeed, the adversary process as to Grande's claims and the Gaedeke Parties' counterclaims has come to a halt because of Grande's unresponsiveness to the court's orders.  Grande's failure to comply with the court's orders has hindered the final resolution of this case.  The prejudice to the opposing party factor weighs in favor of dismissal of Grande's claims and entry of a default judgment on the Gaedeke Parties' counterclaims.

Interference With the Judicial Process

The court also concludes that Grande's failure to comply with the court's orders has interfered with the judicial process, specifically, the court's management of its docket and avoidance of waste of court resources.  The court has continued this case to the November 6, 2024 trial docket, although the court was prepared to try the case in September.  The court has also had to move certain pending scheduling deadlines.  Further, the court has had to enter multiple orders advising Grande of its obligations to secure new counsel and of the potential consequences of failure to comply with the court's orders.  In the court's view, the interference with the judicial process factor weighs in favor of dismissal of Grande's claims and an entry of default judgment on the Gaedeke Parties' counterclaims.

Culpability of Litigant

The court finds that Grande is culpable for its conduct in this case.  Grande, as a business entity, cannot appear in this action *pro se*, but must be represented by counsel.  Grande has been represented by two different law firms during this action.  Grande's most recent attorneys requested to withdraw because Grande had not complied with its obligations specified in the engagement agreement.  Prior to requesting leave to withdraw, counsel advised Grande that counsel would withdraw unless Grande complied with its obligations.  However, Grande failed to comply.  Counsel then provided notice to Grande of the termination of representation, and additionally provided notice of the requirement to secure additional counsel.  In the order allowing counsel to withdraw, the court informed Grande that it had to secure new counsel, and that failure to comply may result in an order that was just, including dismissal of its claims and a judgment in favor of the Gaedeke Parties on the counterclaims.  Grande alone bears the culpability for its failure to secure new counsel.  "A party may not simply sit out the litigation without consequence." *See*, McLaughlin Group, Inc. v. American Manufacturing & Machine, Inc., Civil Action No. 20-cv-03531-PAB-JPO, 2024 WL 38 49760, at *2 (D. Colo. Aug. 16, 2024);

4

*see also*, Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444-1445 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.") (citation omitted). The culpability of litigant factor, the court finds, weighs in favor of dismissal of Grande's claims and entry of default judgment on the Gaedeke Parties' counterclaims.

Warned of the Consequences of its Noncompliance

The court expressly warned Grande that dismissal of its claims or a judgment on the counterclaims would result for non-compliance with the court's orders. Grande knew that it needed to heed the court's orders and retain new counsel. The court concludes the warning of the consequences of noncompliance factor weighs in favor of dismissal of Grande's claims and entry of default judgment on the Gaedeke Parties' counterclaims.

Efficacy of Lesser Sanctions

Lastly, the court is not convinced that any lesser sanctions would be an effective sanction for Grande's conduct. The imposition of monetary sanctions would not resolve the issue of Grande's nonappearance in this case. Grande must secure counsel to proceed forward with the action. Because the court cannot conclude that a sanction short of entry of dismissal and default judgment would have any efficacy, the court concludes that lesser sanctions would not be effective.

Weighing the Ehrenhaus Factors

Weighing all the Ehrenhaus factors, the court concludes that entering dismissal of Grande's claims and entering a default judgment against Grande on the Gaedeke Parties' counterclaims as a sanction for Grande's failure to comply with the court's order is justified and appropriate.

As to the entry of default judgment, the court concludes that such judgment cannot be entered until the amount of damages has been ascertained. The Gaedeke Parties, in their pleading (doc. no. 83), allege counterclaims of breach of contract—duty of good faith and fair dealing—fraud, breach of fiduciary obligations, negligence, and professional malpractice/negligence. The Gaedeke Parties do not request a sum-certain for those claims, but rather request "more than $75,000.00" in actual damages. Doc. no. 83, ECF p. 33. Also, they request a finding that the actions of Grande were intentional and malicious, or, at a minimum, demonstrate a reckless disregard for the rights of each of the Gaedeke Parties and an award of punitive damages. Further, they request the imposition of a constructive trust over all funds in Grande's possession or control, and an award of prejudgment and post-judgment interest, attorney's fees, costs, and litigation expenses. The court concludes that an evidentiary hearing is necessary for the Gaedeke Parties to establish for the appropriate relief for its counterclaims against Grande.[1]

Accordingly, it is ORDERED that the First Amended Complaint (doc. no. 82) and action of plaintiff Grande Oil and Gas, Inc. against defendants Gaedeke Oil & Gas Operating, L.L.C. and Gaedeke Holdings VII, Ltd. are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), Fed. R. Civ. P.

It is also ORDERED that defendants Gaedeke Oil & Gas Operating, L.L.C. and Gaedeke Holdings VII, Ltd. are entitled to entry of a default judgment as to their Re-stated Amended Counterclaims (doc. no. 83) against plaintiff Grande Oil & Gas, Inc. pursuant to Rule 16(f)(1)(C), Fed. R. Civ. P. An evidentiary hearing for purposes of determining the appropriate award of damages and any other relief in favor of defendants Gaedeke Oil & Gas Operating, L.L.C. and Gaedeke Holdings

---

[1] As stated, this case is on the November 6, 2024 jury trial docket. The Gaedeke Parties' counterclaims against counterclaim defendant Charles A. Swanson remain pending. Mr. Swanson, in compliance with the court's orders, has entered an appearance *pro se*. Doc. no. 145.

VII, Ltd., and against plaintiff Grande Oil & Gas, Inc., will be scheduled during the docket call currently set for this case on October 31, 2024, at 1:30 p.m.

DATED this 30th day of September, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0170p003 REV_.docx